Richardson, J.
sitting for Nott, J. delivered the opinion of the Court.
This case brings before the Court, a question somewhat mooted of late, namely, whether the costs of prosecution, are a part of the punishment; or, whether they are a mere debt due to the officers of the Court, and to be considered apart and distinct from the fine and imprisonment, inflicted by reason of the crime committed.
The costs of prosecution are allowed by virtue of an act of the Legislature, for the labour of prosecuting. They are in proportion to the labour done, and are the same in all prosecutions, reference being always had to what has been actually and necessarily done by the officers, without regard to the nature of the crime. The Judge has no control over the costs. He cannot increase, diminish, or restrict them. He may limit the fine to a cent, and yet costs accrue to the amount of many dollars. He may extend the fine to many thousand dollars, and yet the costs remain as though he had imposed no fine.
The costs are, then, no more than a pecuniary charge allowed for services, required at the hands of the officers of the Court. They constitute a fixed debt, due by the convicted defendant in virtue of the act: Fixed, because like costs in a civil suit, they arise out of services, which are required by the case, and are recorded; services known to the parties, and to *377 the judicial officer who awards the judgment for costs. Independent of the judgment, the costs, although exhibited in records, constitute no more than the items of an account. The charges for prosecution are, therefore, simple debts due by defendants, when convicted. The individual officers of the Court may release them at pleasure, and, to their credit be it said, do often release them ; which practicé, by the by, affords a palpable illustration of the true character of costs, as distinguished from the fine or mulct of the English Courts. But to proceed: How are the costs to be recovered 1 The answer is plain; precisely as other debts are recovered, after judgment awarded, namely, by the final process of fieri facias, or capias ad satis-faciendum. It is true, that there has been a very general practice, when confinement is made a part of the punishment, to order the defendant to be further confined, until the costs shall have been paid: and it is not difficult to perceive how this practice obtained. The officers having a right to enforce payment by civil process to take the body of the defendant; that being too the usual way of proceeding against convicts who have, generally little or no tangible property; and there being, moreover, much safety in convenient expedition; whenever the Judge ordered the defendant to be confined for punishment, to add, “ and until the costs be paid,” was probably intended for no more than the accommodation of the officers with an instant capias ad satisfaciendum.
But this case shews how hazardous it is to depend upon the rationale of a rule, unless expressed by the letter, or where it is obvious from practice'. Things most dissimilar become identified, when connected. In the instance before us, as long as we keep iu view the intent, by preserving the civil rights of the defendant, and distinguish the costs due the officers, from the mulct laid for punishment, the substitution of the order of the Judge for the capias is really a harmless practice. But if we consider the order of the Court “to stand committed until the costs be paid,” as a part of the discretionary punishment inflicted by the Judge, we shall then see that the mischief which might follow would be too great, and the inconsistency too glaring to be permitted under the sanction of authorized practice.
*378 The executive authority has a right to pardon convicts, but notwithstanding that prerogative, he cannot remit imprisonment for costs, because that would be virtually to release a debt due to individuals. Again, a debtor has the right, upon surrendering all his property, to have his person released under the prison bounds and insolvent debtors’ acts. But this he can only do when confined by civil, and not by criminal process. It follows that if we consider the confinement for costs as a constituent part of the punishment, the defendant might be immured for life, if unable to pay costs. The body of a debtor too, cannot be taken under final civil process, for less than twenty pounds currency. But by the substitution of a judicial order on the criminal side of the Court for civil process, his body might be taken for a smaller sum. T he Governor would be deprived of his prerogative, the defendant of his right to personal freedom after he has atoned for his crime, and the laws for insolvent debtors suspended in his case. Such consequences shew the error of the practice, or rather the erroneous construction of which the practice is susceptible. The motion is, therefore, granted.